# HIGINIO ROMEU

*v.*

# ROBERT H. TODD.

Mayaguez, Equity, No. 206.

1. It is probably the law in Porto Rico, under the decision of this same case, Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724, that an intending purchaser is not bound by any equities or rights

Romeu v. Todd.

of others regarding real property, save where a cautionary notice thereof is actually inscribed in the registry of property, especially under facts as in the case at bar.

2. See the memorandum of the court's views for the facts.

Opinion filed February 13, 1909.

*Messrs. Horton & Cornwell,* attorneys for complainant.

*Mr. N. B. K. Pettingill,* attorney for respondent.

RODEY, Judge, delivered the following opinion:

This cause was originally filed on April 22d, 1904. It is a bill to enjoin the respondent from selling 21 cuerdas of land located in the barrio of Ceballos, in the municipal district of Mayaguez. The complainant claimed in his bill that he had caused the title of the tract of land in question to be examined, and that, according to the inscribed title, one Ana Merle was the owner thereof, and that he bought the same from her without any knowledge of any rights of the respondent therein, and that he paid $1,200 in cash therefor at the time.

Previous to the filing of this bill, the respondent, Robert H. Todd, had filed a bill in this court on a judgment previously obtained in the provisional court of the island. By that bill he sought to subject this tract of land to the satisfaction of his said judgment. The judgment he so possessed was against one Pedro Agostini and one Juan Agostini, and he had secured a decree holding that these Agostinis, or one of them, was the beneficial owner of the land in question, and, under the decree thus obtained, was about to sell the land.

Romeu v. Todd.

When this present bill was filed, the respondent, Todd, demurred to it, and the demurrer was sustained on the ground that the filing of a suit in equity in this court, notwithstanding the local mortgage law, was a complete notice of *lis pendens* to all the world.

The complainant, Romeu, stood upon his bill, and took the case on appeal to the Supreme Court of the United States, where the case was reversed under date of May 27, 1907. See Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724.

When the mandate of the Supreme Court came down, the cause was proceeded with, and on January 3d, 1908, the respondent answered. Thereafter, on February 12, 1908, the complainant excepted to the answer—first, for the reason that the matter contained in paragraph second of the answer is impertinent, in that the things alleged therein do not, under the laws of Porto Rico, constitute any defense to the complaint or any part thereof; second, because the second paragraph of the said answer is impertinent and insufficient, and does not, in like manner, under the laws of Porto Rico, constitute any defense to the complaint or any part thereof; and third, because the matters contained in the fifth paragraph of the answer, commencing with the words "and on the contrary allege," and running to the end of said paragraph, are impertinent, as the same do not constitute any defense.

The paragraphs referred to in substance set out that both the plaintiff and his counsel who examined the records for him before purchasing the land in question had actual notice and knowledge of the pendency of the suit of Todd against Ana Merle and the Agostinis, and that, notwithstanding this (the plaintiff and his said counsel relying upon the fact that no

cautionary or *lis pendens* notice was actually inscribed in the registry), the plaintiff proceeded and bought the land.

We have examined the opinion of the Supreme Court of the United States, above referred to, with great care; and whilst there may be cases in which the knowledge of counsel examining the records of the purchaser of lands of the pendency of a suit regarding the land might be binding upon the purchaser, still, we do not think that this is a case where that rule would apply.

In our opinion, it is unnecessary to hold, although we are inclined to believe that such is the law, that in Porto Rico, under the mortgage law, an intending purchaser is not bound by any equities or rights of others regarding real property save where a cautionary notice is actually inscribed in the registry of property.

For this reason, we hold that the exceptions to the answer must be sustained; and as, in our opinion, from our knowledge of the case, it would be useless thereafter to proceed with the same, a decree will be prepared relieving the said property from all lien of the Todd judgment, and making the injunction perpetual if necessary, and decreeing all of the costs, including those made necessary by the mandate of the Supreme Court, against the respondent Todd, and it is so ordered.